ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                    )
                                                )
Andrews Contracting Services, LLC               )       ASBCA No. 60808
                                                )
Under Contract No. W912JV-15-C-0001             )

APPEARANCE FOR THE APPELLANT:          Mr. Justin Andrews
                                          President

APPEARANCES FOR THE GOVERNMENT:        Raymond M. Saunders, Esq.
                                          Army Chief Trial Attorney
                                        Evan C. Williams, Esq.
                                          Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE
GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss the appeal for lack of jurisdiction because, the government says, appellant, Andrews Contracting Services, LLC (ACS or appellant), never submitted a properly certified claim to a contracting officer requesting a final decision pursuant to the Contracts Disputes Act, 41 U.S.C. §§ 7101-7109 (CDA) (gov't mot. at 1). ACS responds that its self-styled "Request for Equitable Adjustment" (REA) was a proper claim within the context of the CDA because it met the conditions of certification in accordance with the CDA (app. reply at 5).

We find the following. On 21 January 2015, the government awarded to ACS the contract referenced above (R4, tab 1 at 2). The contract incorporates by reference Federal Acquisition Regulation (FAR) clause 52.233-1, DISPUTES–ALTERNATE I (MAY 2014) (R4, tab 1 at 5), which provides, among other things:

> (a) This contract is subject to 41 U.S.C. chapter 71,
> Contract Disputes.
>
>        ....
>
> (c) Claim, as used in this clause, means a written
> demand or written assertion by one of the contracting
> parties seeking, as a matter or right, the payment of money
> in a sum certain....However, a written demand or written
> assertion by the Contractor seeking the payment of money
> exceeding $100,000 is not a claim under 41 U.S.C. chapter

71 until certified. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim under 41 U.S.C. chapter 71. The submission may be converted to a claim under 41 U.S.C. chapter 71, by complying with the submission and certification requirements of this clause, if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

(d)(1) A claim by the Contractor shall be made in writing and, unless otherwise stated in this contract, submitted within 6 years after accrual of the claim to the Contracting Officer for a written decision.

....

(e) ...For Contractor claims over $100,000, the Contracting Officer must, within 60 days, decide the claim or notify the Contractor of the date by which the decision will be made.

(R4, tab 1 at 5)

On 16 May 2016, ACS presented to the contracting officer (CO) a "Request for Equitable Adjustment" in the price of the contract referenced above in the amount of $293,797.51 (R4, tab 1452 at 7543). The REA contained a certification, pursuant to Defense Federal Acquisition Regulation Supplement (DFARS) 252.243-7702 which read: "the request is made in good faith and that the supporting data are accurate and complete to the best of my knowledge and belief." The certification was signed by Mr. Justin Andrews, President. (R4, tab 1452 at 1)

The CO denied the REA on 29 August 2016 (R4, tab 1440). The denial does not state that it is a contracting officer's final decision (COFD), and concludes that "[i]f ACS wishes to continue this request for equitable adjustment then do so in accordance with contract clause 52.233-1 Disputes" (*id*. at 7288). On 19 September 2016, ACS filed this appeal with the Board.

ACS does not dispute that the REA does not request a final decision; rather, it says that the CO's written response did purport to be a COFD statutorily (i.e., by waiting 105 days to issue a decision – presumably contending that the CO did not comply with the 60-day decision requirement of the Disputes clause 52.233-1(e)) and by advising that any further action desired by ACS be pursued with the Disputes clause. Thus, ACS contends that it did not need to request a final decision. Further

2

ACS avers that its submittal was proper because it met the conditions and elements of certification in accordance with the CDA. (App. resp. at 4-6)

DECISION

The CDA provides that each "claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(l ). The linchpin of the Board's jurisdiction over a contractor claim is the contractor's submission of a proper claim to the CO for a decision. *Air Services, Inc*. ASBCA No. 59843, 15-1 BCA ¶ 36,146 at 176,424 (citing *Puget Sound Environmental Corp.,* ASBCA Nos. 58827, 58828, 14-1 BCA ¶ 35,585 at 174,371; *MACH II,* ASBCA No. 56630, 10-1 BCA ¶ 34,357 at 169,673).

Although the CDA does not define the term "claim," the FAR defines a "claim" as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." FAR 2.101. A claim exceeding $100,000 must be certified in accordance with 41 U.S.C. § 7103(b). We determine whether a contractor's submission is a CDA claim on a case-by-case basis, applying a common sense analysis. *CCIE & Co.,* ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816; *Precision Standard, Inc.,* ASBCA No. 55865, 11-1 BCA ¶ 34,669 at 170,787. We may examine the totality of the correspondence between the parties in determining the sufficiency of a claim. *Lael Al Sahab & Co.,* ASBCA Nos. 58344, 59009, 15-1 BCA ¶ 35,809 at 175,129; *Vibration & Sound Solutions Ltd.,* ASBCA No. 56240, 09-2 BCA ¶ 34,257 at 169,270.

For the Board to have jurisdiction under the CDA, the contractor must submit a proper claim, an element of which is a request for a contracting officer's final decision. *See M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1328 (Fed. Cir. 2010); *Zafer Taahhut Insaat ve Ticaret A.S.,* ASBCA No. 56770, 11-2 BCA ¶ 34,841 at 171,392, *aff'd on recon*., 12-1 BCA ¶ 34,951 (transmittal letter accompanying REA that requested a COFD met the requirements of a claim); *Certified Construction Company of Kentucky, LLC*, ASBCA No. 58782, 14-1 BCA ¶ 35,662 (REA did not implicitly or explicitly request a COFD therefore it could not be deemed a claim.).

In looking at the totality of the correspondence between the parties, the record leads us to conclude that appellant's REA submittal was not a claim. The REA here does not implicitly or explicitly request a contracting officer's final decision; not even ACS says it does. Rather, ACS says it does not have to have requested a contracting officer's final decision, because the denial of the REA references the Disputes clause. We disagree. The REA denial's reference to the Disputes clause does not substitute for a contractor's request for a contracting officer's final decision. *See Engineering Demolition, Inc.*, ASBCA No. 54924, 06-1 BCA ¶ 33,125 at 164,151 (directing

3

contractor to Disputes clause after denial of portions of REA, government was implicitly telling contractor to address its claim to the CO for decision). Because the REA does not request a contracting officer's final decision, it is not a proper CDA claim, and we do not possess jurisdiction to entertain the appeal from its denial. Because of this decision, we need not address the parties' other arguments. The motion is granted, and the appeal is dismissed for lack of jurisdiction.

Dated: 22 May 2017

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

OWEN C. WILSON
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60808, Appeal of Andrews Contracting Services, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals